ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/17/15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDREW ZACCAGNINO, on behalf of himself and all other similarly situated,

                Plaintiff,

- against -

NISSAN NORTH AMERICA, INC.,

                Defendant.

14 Civ. 3690 (LLS)

**OPINION & ORDER**

    Plaintiff Andrew Zaccagnino brought this putative class action against defendant Nissan North America, Inc. ("Nissan") for deceptive business practices, false advertising, and breach of express and implied warranties. Nissan moves to dismiss the amended class action complaint ("complaint") for lack of standing and failure to state a claim. For the reasons that follow, Nissan's motion is granted in part and denied in part. Zaccagnino has standing to sue and has stated a claim for deceptive business practices. The false advertising and warranty claims are dismissed for failure to state a claim.

## BACKGROUND

    Nissan manufactures and sells Nissan and Infiniti vehicles in the United States.

    "Since at least 2012, Nissan was aware of numerous customer complaints, warranty claims and other data that demonstrated that the OCS in the Nissan Vehicles was defective." Am. Class

Action Compl. ("Compl.") ¶ 3, Dkt. No. 21. The OCS, which stands for occupant classification system, is a system of sensors that "detect when children sit in the front passenger seat and either deactivate the air bag or deploy the air bag with less force." Id. ¶ 20. If the OCS malfunctions, the passenger airbag may improperly deploy when a child is sitting in the passenger seat or fail to deploy despite the presence of an adult passenger. A dashboard light indicates when the OCS has deactivated the airbag because of a child passenger.

"Nissan attempted to conduct a limited recall of less than 83,000 vehicles in February 2013. It quickly became clear that the limited recall did not fix the defect and the consumer complaints and warranty claims continued throughout 2013." Id. ¶ 3.

In August 2013, Zaccagnino bought a 2013 Nissan Altima from a Nissan dealership. The car was not subject to the February 2013 recall.

> Plaintiff saw advertisements for Nissan vehicles on television, in magazines, on billboards, in brochures and on the internet before he purchased his Altima. Before he purchased the 2013 Altima, he recalls that safety and quality were consistent themes across the advertisements he saw. These representations about safety and quality influenced Plaintiffs decision to purchase the 2013 Altima.

Id. ¶ 15.

In March 2014, Nissan expanded the recall to almost one

million cars, including Zaccagnino's Altima. He learned of the recall in April 2014 and had his car inspected. "While the vehicle was in the garage being inspected, Plaintiff and a mechanic observed that the passenger 'air-bag' light indicated that the air bag was in the 'off' position even though an adult male was sitting in the front passenger seat." Id. ¶ 76. He then took his car to the Nissan dealership, which performed the recall repair.

However, because of "numerous reports that the March 2014 Recall did not adequately repair the OCS Defect," Zaccagnino "has no confidence that the defect in his vehicle has been repaired." Id. ¶ 78.

Zaccagnino claims that Nissan was aware the 2013 recall had not solved the OCS defect and the defect was present in many vehicles that were not covered by the 2013 recall. He states that if he had known about the OCS defect he would have paid less for his car. Accordingly, he claims that Nissan engaged in deceptive business practices and false advertising by not disclosing that his car might be defective and continuing to advertise it as a safe, quality vehicle.

Zaccagnino also claims that Nissan breached the express and implied warranties by selling him a car with a defective OCS and failing to repair it.

## DISCUSSION

Nissan moves to dismiss the complaint for lack of standing and failure to state a claim. See Fed. R. Civ. P. 12(b)(1), (6).

### I. STANDING

Zaccagnino alleges that he paid more for his car than he would have if Nissan had disclosed the OCS defect and that Nissan failed to repair the car in accordance with the warranties, leaving him with a car diminished in value. Among other relief, he seeks an award of damages to compensate for those economic injuries. That is sufficient to demonstrate standing.

Accordingly, the motion to dismiss for lack of standing is denied.

### II. FAILURE TO STATE A CLAIM

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)).

#### A. Deceptive Business Practices

Section 349 of the New York General Business Law prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this

state."

There are three elements to a section 349 claim: "first, that the challenged act or practice was consumer-oriented; second, that it was misleading in a material way; and third, that the plaintiff suffered injury as a result of the deceptive act." Stutman v. Chem. Bank, 95 N.Y.2d 24, 29, 709 N.Y.S.2d 892, 895 (2000) (citations omitted).

Nissan argues that its actions were not materially misleading and that Zaccagnino suffered no injury.

### 1. Materially Misleading

An act or practice is materially misleading if is it "likely to mislead a reasonable consumer acting reasonably under the circumstances." Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A., 85 N.Y.2d 20, 26, 623 N.Y.S.2d 529, 533 (1995).

Here, Zaccagnino alleges that when he bought his car Nissan was aware, but did not reveal to him, that the 2013 recall had not solved the OCS defect and the defect was present in many vehicles not subject to that recall. That is sufficient to plead that those omissions were materially misleading. See In re Porsche Cars N. Am., Inc., 880 F. Supp. 2d 801, 860-62 (S.D. Ohio 2012) (car manufacture's failure to disclose coolant tube defect was materially misleading under § 349); Doll v. Ford Motor Co., 814 F. Supp. 2d 526, 550 (D. Md. 2011) (alleging

"Ford misled consumers by withholding material information regarding the defective torque converter, and, as a result, consumers were harmed by high repair and replacement costs" is sufficient to state a § 349 claim); Szymczak v. Nissan N. Am., Inc., No. 10 Civ. 7493 (VB), 2011 WL 7095432, at *16 (S.D.N.Y. Dec. 16, 2011) ("Plaintiffs Szymczak, Lopez, Greathouse, and Jackson can also maintain a cause of action under Section 349 for defendants' failure to disclose a defect when such failure was likely to mislead a reasonable consumer.").

## 2. Injury

Zaccagnino states that "[h]ad Nissan disclosed the OCS defect, Plaintiff would not have purchased the 2013 Altima or would he would [sic] have paid less than he did." Compl. ¶ 15. A claim that "the price of the product was inflated as a result of the defendant's deception" is sufficient to allege injury. Goldemberg v. Johnson & Johnson Consumer Cos., 8 F. Supp. 3d 467, 481 (S.D.N.Y. 2014) (brackets omitted); accord. Ackerman v. Coca-Cola Co., No. 09 Civ. 395 (JG), 2010 WL 2925955, at *23 (E.D.N.Y. July 21, 2010) ("Injury is adequately alleged under GBL §§ 349 or 350 by a claim that a plaintiff paid a premium for a product based on defendants' inaccurate representations.").

I reject the argument that Zaccagnino suffered no injury because he "bargained for a vehicle that would be repaired if defective and his allegations demonstrate that he has received

the full value of this bargain." Reply Brief at 7, Dkt. No. 31. It is plausible that, despite the express warranty, Zaccagnino would have paid less for the car if Nissan had disclosed the OCS defect. See In re Porsche Cars N. Am., Inc., 880 F. Supp. 2d at 860-61 (complying with an express warranty does not foreclose a § 349 claim); Doll, 814 F. Supp. 2d at 546 (same).

Accordingly, Zaccagnino has stated a claim for deceptive business practices.

### B. False advertising

New York General Business Law section 350 prohibits "[f]alse advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state."

A claim for false advertising has four elements: (1) the advertisement was consumer-oriented, (2) the advertisement was materially misleading, (3) the plaintiff relied on the advertising, and (4) the plaintiff was injured as a result of the advertisement. Leider v. Ralfe, 387 F. Supp. 2d 283, 292 (S.D.N.Y. 2005).

The reliance requirement "means that the plaintiff must 'point to [a] specific advertisement or public pronouncement' upon which he or she relied." Id. (alteration in Leider) (quoting Small v. Lorillard Tobacco Co., 252 A.D.2d 1, 9, 679 N.Y.S.2d 593, 600 (1998), aff'd, 94 N.Y.2d 43, 698 N.Y.S.2d 615 (1999)); accord Szymczak, 2011 WL 7095432, at *15 (dismissing a

-7-

§ 350 claim because "Plaintiffs do not identify any false or misleading advertisement or plead any reliance on any such advertisement").

Here, the only allegation of reliance states:

> Plaintiff saw advertisements for Nissan vehicles on television, in magazines, on billboards, in brochures and on the internet before he purchased his Altima. Before he purchased the 2013 Altima, he recalls that safety and quality were consistent themes across the advertisements he saw. These representations about safety and quality influenced Plaintiffs decision to purchase the 2013 Altima.

Compl. ¶ 15. Accordingly, consideration of the section 350 claim is limited to those themes of quality and safety that Zaccagnino allegedly relied on.

Nissan argues that general themes of safety and quality are not misleading as a matter of law because they are mere puffery.

> Statements and practices that are mere puffery are not actionable. Puffery includes generalized or exaggerated statements which a reasonable consumer would not interpret as a factual claim upon which he could rely. Regarding puffery, the Second Circuit has stated that "[s]ubjective claims about products, which cannot be proven either true or false, are not actionable."

Fink v. Time Warner Cable, 810 F. Supp. 2d 633, 644 (S.D.N.Y. 2011) (citations omitted) (quoting Lipton v. Nature Co., 71 F.3d 464, 474 (2d Cir. 1995)). For example, describing internet service as "blazing fast," "fastest, easiest," "High Speed Internet," or "Faster Internet" is puffery. See Serrano v.

-8-

Cablevision Sys. Corp., 863 F. Supp. 2d 157, 167-68 (E.D.N.Y. 2012); Fink, 810 F. Supp. 2d at 644.

Like speed and ease for internet service, safety and reliability are desirable qualities for a car. However, promoting a car as generally safe and reliable is too general a representation to be proven true or false. It is puffery and cannot be materially misleading under section 350.

Accordingly, the false advertising claim is dismissed.

### C. Breach of Express Warranty

Zaccagnino alleges Nissan breached its express warranty by failing to repair his car. Nissan states it repaired his car and the post-repair behavior detailed in the complaint describes a properly functioning OCS.

Zaccagnino states he has "no confidence" his car was fixed:

> However, as discussed in detail below, there have been numerous reports that the March 2014 Recall did not adequately repair the OCS Defect. As a result, Plaintiff has no confidence that the defect in his vehicle has been repaired. In fact, since taking his Altima in for the recall repair, Plaintiff has noticed that the passenger air bag light goes off (indicating the air bag is "on") even when there is no passenger seated in the front seat.

Compl. ¶ 78.

At issue is whether the car in fact was repaired. Zaccagnino's confidence in his car, as influenced by complaints about other vehicles, is immaterial. The 2013 Altima Owner's

-9-

Manual reveals that the post-repair behavior described in the complaint is how the status light is supposed to work: "The light operates as follows: Unoccupied passenger's seat: The [air bag status light] is OFF and the front passenger air bag is OFF and will not inflate in a crash." Connelly Decl. Ex. A, at 2013 Altima Sedan Owner's Manual 1-47, Dkt. No. 25.[1]

Accordingly, the item's repair and performance conform to the warranty and the express warranty claim is dismissed for failure to state a claim.

### D. Breach of Implied Warranty

The implied warranty claim also fails because the complaint indicates the repair was successful.

The implied warranty of merchantability requires that goods "are fit for the ordinary purposes for which such goods are used." N.Y. U.C.C. Law § 2-314(2)(c).

> Under New York law, "at a bare minimum the ordinary purpose for which a used car is to be used should be such as to enable the purchaser to transport herself upon the streets and highways of this state or any other in a reasonably safe manner." Rather than guaranteeing performance without malfunction during the term of the warranty, a warranty anticipates that

---

[1] The warranty information booklet and the owner's manual were not attached to the complaint or referenced in it. Nevertheless, I may consider them in deciding this motion without converting it to a motion for summary judgment because the warranty booklet is integral to the express warranty claim and it incorporates the owner's manual by reference. See Holowecki v. Fed. Exp. Corp., 440 F.3d 558, 565-66 (2d Cir. 2006), aff'd, 552 U.S. 389, 128 S. Ct. 1147 (2008).

failures will occur and that they will be corrected. Diaz v. Paragon Motors of Woodside, Inc., 424 F. Supp. 2d 519, 541 (E.D.N.Y. 2006) (quoting McCormack v. Lynn Imports, Inc., 114 Misc. 2d 905, 910-11, 452 N.Y.S.2d 821, 824 (Dist. Ct. 1982)).

The complaint indicates that the recall corrected the OCS defect and that, following the recall repair, the car could transport Zaccagnino "in a reasonably safe manner."

Accordingly, the implied warranty claim is dismissed for failure to state a claim.

### E. Magnuson-Moss Warranty Act

The Magnusson-Moss Warranty Act ("MMWA") allows a consumer to sue a warrantor for breach of a written or implied warranty. 15 U.S.C. § 2310(d). "The MMWA, however, creates no additional bases for liability, but allows a consumer to recover damages under existing state law, and attorneys fees." Diaz v. Paragon Motors of Woodside, Inc., 424 F. Supp. 2d 519, 540 (E.D.N.Y. 2006) (citing Walsh v. Ford Motor Co., 807 F.2d 1000, 1012 (D.C. Cir. 1986)).

Since the express and implied warranty claims are dismissed for failure to state a claim, the MMWA claim must also be dismissed.

### CONCLUSION

Nissan's motion to dismiss (Dkt. No. 23) is granted in part

-11-

and denied in part. Zaccagnino has standing to sue and has stated a claim for deceptive business practices (Count I of the amended complaint). The false advertising and warranty claims (Counts II through V) are dismissed for failure to state a claim.

So ordered.

Dated:  New York, New York
        June 16, 2015

*Louis L. Stanton*
LOUIS L. STANTON
U.S.D.J.